UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOEL ROSS SEMPIER,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:18-cv-00465-RCJ-WGC

ORDER

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The filing fee has been paid.

Following review of the petition, the Court will dismiss Ground 8 and direct a response to all remaining claims.

Ground 8 asserts a claim that the Nevada Supreme Court erred when it denied petitioner's state habeas petition because it incorrectly found he had not provided a sufficient transcript and records on appeal. The Court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court judgment of conviction. The Court otherwise does not have jurisdiction to entertain collateral attacks on other types of judgments, and a federal district court does not exercise appellate jurisdiction over the state courts. Claims of procedural error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). As Ground 8 asserts only an error in postconviction proceedings, it must be dismissed as noncognizable.

It is therefore ordered that the Clerk shall file the petition (ECF No. 1-1).

It is further ordered that Ground 8 is dismissed with prejudice.

It is further ordered that the Clerk shall add Nevada Attorney General Aaron D. Ford as attorney for respondents and shall informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

It is further ordered that respondents shall file a response to the remaining claims of the petition, including potentially by motion to dismiss, within sixty days of the date of entry of this order and that petitioner may file a reply thereto within thirty days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to

quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally shall send a hard copy of all exhibits filed for this case to the Las Vegas Clerk's Office.

IT IS SO ORDERED.

DATED THIS 26 day of FEB 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE