UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOEL ROSS SEMPIER,

                                    Petitioner,

        v.

RENEE BAKER, *et al.*,

                                    Respondents.

Case No. 3:18-cv-00465-RCJ-WGC

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Joel Ross Sempier, a *pro se* Nevada prisoner. Currently before the Court are Sempier's Motion for Appointment of Counsel (ECF No. 20) and Motion for Extension of Time (ECF No. 39).

After completing a direct appeal and post-conviction proceedings before Nevada courts, Sempier commenced this federal habeas corpus proceeding *pro se* in October 2018. (ECF No. 1.) Upon initial screening of his Petition for Writ of Habeas Corpus (ECF No. 10), the Court dismissed Count 8 and directed a response on the remaining claims. (ECF No. 9.) Respondents filed an Answer (ECF No. 21) to the petition on September 9, 2019. Pursuant to the scheduling order, Sempier's merits reply is due by October 9, 2019. He now requests an additional 60 days to reply. Good cause appearing, the Motion for Enlargement of Time (ECF No. 39) is granted.[1]

Turning to Sempier's motion for appointment of counsel, the Court notes that this is his second request for counsel. In an order entered April 18, 2019 (ECF No. 13), Sempier's first motion for appointment of counsel was denied for multiple reasons. He asserted he could not represent himself due to anxiety, dyslexia, a need for discovery, and a lack of training in the law

---

[1] On November 8, 2019, Sempier erroneously filed his reply in a different habeas matter, 3:18-cv-0453-MMD-WGC. Because the reply appears to respond to Respondents' answer in the instant case, the Court instructed the Clerk of Court to file the reply in this case. Sempier's reply (ECF No. 40) was docketed on November 12, 2019, and the Court considers the reply to be timely filed.

1

and legal procedures. The Court found that although his "mental health and learning disabilities might weigh in favor of counsel, petitioner ha[d] not substantiated his allegations that he suffers from these conditions and d[id] not explain how these conditions affect his ability to represent himself." (*Id.* at 2.) Furthermore, Sempier's lack of legal training and a purported need for discovery were not sufficient reasons to appoint counsel at that time. (*Id.*) Recognizing that Sempier is serving a lengthy sentence, but the issued presented in this case are not particularly complex, he failed to persuade the Court that the interests of justice required the appointment of counsel. (*Id.*)

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *McClasky v. Zant*, 499 U.S. 467, 495 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue federal habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in proceedings under § 2254 is addressed to the sound discretion of the trial court. *Id*. When a habeas petitioner has a good understanding of the issues and the ability to forcefully and coherently present his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

The current motion reasserts that Sempier has dyslexia, which allegedly disturbs his ability to understand, pronounce, interpret, translate, and use vocabulary. (ECF No. 20 at 5.) He claims his condition does not affect his daily life but will impair his ability to prepare his own pleadings. (*Id.*) Sempier states that he has received assistance with all filings thus far, and preparing a reply brief without counsel "might take him months and it is unclear if the court would be able to understand the pleading." (*Id.*) Attached to the motion is a report of psychological examination dated April 23, 2007. (*Id.* at 14–31.) Sempier also reasserts that counsel is necessary to conduct discovery, but further states that the telephone recording he wants this Court to review "is within

the trial court record." (*Id.* at 8.)

The Court finds that the interests of justice do not require counsel to be appointed in this case. The psychological report Sempier submitted appears to support a diagnosis of dyslexia; however, it also reveals "low average intelligence" and relative success on multiple test tasks, including oral vocabulary, word usage and ability to understand word meanings, nonverbal conceptual reasoning and ability to engage in sophisticated, fluid reasoning with pattern analysis tasks. (*Id.* at 21.) The record does not support Sempier's assertion that the Court may not be able to understand his filings. His filings to date have been intelligible and clear. He has demonstrated that he can forcefully and coherently present his claims without counsel, and those claims are not particularly complex. Indeed, Sempier has managed to file an application to proceed *in forma pauperis*, a habeas petition, and several motions all without the assistance of counsel. The Court understands that Sempier's condition may require additional time to complete briefing and has granted his request for enlargement of time accordingly. Should he discover that the new reply deadline, December 9, 2019, is not feasible, he may move for additional time.

Additionally, the appointment of counsel is not required under Rule 5 of the Rules Governing Rules Governing Section 2254 Cases[2] because discovery is unnecessary. The Court's review of a § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). Sempier's motion states that the telephone recording he seeks is in the state court record. Thus, discovery procedures are inapplicable.[3]

///

///

///

---

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] Sempier moved for counsel before Respondents filed the exhibits and corresponding index of exhibits in support of the answer to the petition. (ECF Nos. 24–37.) If, after reviewing the exhibits and index, Sempier determines additional state court record materials are necessary, he may seek appropriate relief. *See, e.g.*, Habeas Rule 7.

**IT IS THEREFORE ORDERED:**

1. Petitioner Joel Ross Sempier's Motion for Enlargement of Time (ECF No. 39) is GRANTED. Sempier's Reply (ECF No. 40) is considered timely filed.

2. Sempier's Motion for Appointment of Counsel (ECF No. 20) is DENIED.

DATED this 23rd day of December, 2019.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE