UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL ROSS SEMPIER,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:18-cv-00465-RCJ-WGC<br><br>**ORDER** |

　　　　Before the Court is Respondents' Motion for Leave to File Documents Under Seal (ECF No. 23). Petitioner Joel Ross Sempier did not file a response and the deadline for doing so has expired. For the reasons discussed below, the motion is granted in part and denied in part.

　　　　Respondents' motion seeks leave to file under seal a total of five exhibits: (1) Transcripts of Proceedings of Preliminary Hearing, Ex. 2 (ECF No. 24-1); (2) various *ex parte* motions for payment of attorney fees, notices regarding payment of attorney fees, and orders for payment of attorney fees, Ex. 8 (ECF No. 24-2); (3) Pre-sentence Investigation Report ("PSI"), Ex. 32 (ECF No. 24-3); (4) Psychosexual Evaluation, Ex. 33 (ECF No. 24-4); and (5) Recommendation and Order Granting Transcript at Public Expense, Ex. 85 (ECF No. 24-5.)

　　　　Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). Likewise, Sempier's psychosexual evaluation contains confidential information. Thus, there are compelling reasons to seal the reports. The remaining exhibits were filed under seal in the state trial court. Respondents seek to comply with the actions of the trial court and ask this Court to seal the same documents. Compelling reasons purportedly exist for sealing the exhibits because the trial court never made the filings public.

　　　　Having reviewed and considered the matter in accordance with the Ninth Circuit's

directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Sempier's privacy and/or personal identifying information in his PSI outweighs the public interest in open access to court records. Respondents have met their burden of establishing compelling reasons for the PSI and psychosexual evaluation to remain sealed. However, Respondents have not made a particularized showing for the remaining exhibits.

In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179). Under *Kamakana*, a party must make a particularized showing to overcome the presumption of public accessibility. Parties are required to set forth compelling reasons to seal for each exhibit. *San Jose Mercury News v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Respondents claim the remaining exhibits should be sealed because the trial court previously sealed the same documents. Although it appears the records were sealed because they were filed *ex parte*, Respondents do not set forth the trial court's basis for sealing. The exhibits do not display any personal data identifiers such as social security numbers, date of birth, financial account numbers, etc. *E.g.*, LR IC 6-1(a); Fed. R. Civ. P. 5.2. The trial court's unexplained sealing of these documents does not provide compelling reasons for this Court to do the same.

Courts routinely grant protection orders and seal materials qualifying as privileged under the doctrine of attorney-client privilege. *E.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1138 (9th Cir. 2003). Respondents do not assert that the remaining exhibits are privileged. Nevertheless, the Court has reviewed the exhibits, which include multiple motions by Sempier's trial counsel seeking payment of attorney's fees and costs, as well as orders and notices related to those motions. The motions provide summaries of counsel's time and expenses and include descriptions of typical attorney tasks. The descriptions do not reveal sensitive information or confidential case strategy or identify material protected by the attorney-client privilege doctrine.

Furthermore, Sempier likely waived any applicable privilege by asserting claims for ineffective assistance of counsel. *E.g.*, *Lambright v. Ryan*, 698 F.3d 808, 813 (9th Cir. 2012) (noting that "a habeas petitioner waives his attorney-client privilege in a proceeding raising an ineffective assistance of counsel claim, but that such waiver is narrow and limited to what is necessary to allow the state to fairly defend against such claim"). The same rule applies to the work product privilege. *Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 (9th Cir. 2003) ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests.") (en banc). Accordingly, the Court finds no compelling reasons why the remaining exhibits should be sealed on the basis of privilege.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion for Leave to File Documents Under Seal (ECF No. 23) is GRANTED IN PART AND DENIED IN PART.
2. Exhibit 32 (ECF No. 24-3) and Exhibit 33 (ECF No. 24-4) are considered properly filed under seal.
3. The Clerk of Court is directed to UNSEAL Exhibit 2 (ECF No. 24-1); Exhibit 8 (ECF No. 24-2); and Exhibit 85 (ECF No. 24-5.)

DATED: this 22nd day of September, 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE